IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RAMIZ ZIJAD HODZIC,<br>  a/k/a Siki Ramiz Hodzic<br>SEDINA UNKIC HODZIC,<br>NIHAD ROSIC,<br>  a/k/a Yahya AbuAyesha Mudzahid,<br>MEDIHA MEDY SALKICEVIC,<br>  a/k/a Medy Ummuluna,<br>  a/k/a Bosna Mexico,<br>ARMIN HARCEVIC, and<br>JASMINKA RAMIC.<br><br>    Defendants. | Cause No. 4:15-CR-0049 CDP- DDN<br><br>APPEAL OF MAGISTRATE JUDGE'S ORDER DIRECTING THE GOVERNMENT'S MOTION FOR REVIEW OF CONDITIONS OF RELEASE BE HEARD BY THE MAGISTRATE JUDGE |

Comes now the defendant, Armin Harcevic, by and through his attorney of record, Charles D. Swift, and requests that the Appeal of the Review of Conditions of Armin Harcevic's Release, currently ordered for March 25, 2015, at 10:00 a.m. before Judge Noce, be heard by the District Court on or after March 27, 2015.

Defense has requested by separate motion that defendant Harcevic's Arraignment and the government's Motion for a Review of Conditions of Release be continued to on or after March 27, 2015. In addition to this request, the defendant submits, for the reasons below, that 18 U.S.C. § 3145(a) confers exclusive jurisdiction to the District Court to hear the Government's motion.

APPEAL OF MAGISTRATE COURT'S ORDER No. 103

Magistrate Judge Noce's Order (Doc. 103) indicates that he will hear government's motion for review of the Release Order and the Conditions of Release. The government's motion for Review of the Conditions of Release was filed pursuant to 18 U.S.C. § 3145(a).[1] 18 U.S.C. § 3145(a) provides in relevant part that

> If a person is ordered released by a magistrate [United States magistrate judge], or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court--
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release"

Defendant Harcevic submits that the phrase "a court having original jurisdiction" is limited to the District Court itself, rather than another Magistrate Judge and does not permit consideration of the ruling by the Magistrate Judge. The defense has not found an Eighth Circuit case considering this question. The Tenth Circuit, however, has ruled on this question of whether a Magistrate Judge could review the release decision of a Magistrate Judge in a different District *United States v. Cisneros*, 328 F.3d 610 (10th Cir. N.M. 2003). In *Cisneros* the court held that

> It is clear from the wording of Section 3145(a) that "a court having original jurisdiction over the offense" must be interpreted as the district judge assigned to the case. Although Section 3145(a) does not distinguish between a magistrate judge in the arresting district and a magistrate judge in the charging district, that section suggests a hierarchy for reviewing a magistrate's decision. In other words, Section 3145(a) authorizes a district judge to review a decision made by a magistrate judge, but it does not confer the same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district. Citing *United States v. Johnson*, 858 F. Supp. 119, 122 (N.D. Ind. 1994). *Cisneros* 328 F.3d at 615, 616.

Numerous District Courts have similarly held that it is error for a Magistrate Judge to consider the decision of a Magistrate from another District in reviewing detention release orders

---

[1] On March 20, 2015, the government filed a Notice of Appeal of the Release Order with the Eighth Circuit Court of Appeals. After consulting with the government, the defense understands that this filing resulted from a clerical error and the filing will be withdrawn.

under 18 U.S.C. §3145(a). See *United States v. Pickens*, 2011 U.S. Dist. LEXIS 147628 (D.N.H. Dec. 21, 2011); *United States v. Dehart*, 2010 U.S. Dist. LEXIS 114776 (M.D. Tenn. Sept. 24, 2010); *United States v. Patterson*, 2013 U.S. Dist. LEXIS 136511 (E.D. La. Sept. 24, 2013). Counsel has found no authority to the contrary.

Indeed, a contrary ruling would be surprising, as having one Magistrate review another would both further delay a final decision on the issue of release and give the government three bites at detaining the defendant at the trial court level, rather the two contemplated by § 3145(a). For these reasons Mr. Harcevic requests that the appeal of his detention hearing be heard by the District Court. In order to expedite the hearing, Mr. Harcevic further requests that the hearing be held at or near the time of his Arraignment, on or after March 27, 2015.

The government attorney, Matthew Drake, had no position at the time defense counsel consulted with him regarding whether government's motion for Review of the Conditions of Release could properly be heard by the Magistrate Judge.

Dated this 20th day of March, 2015

/s/ Charles D. Swift
Charles D. Swift
Pro Hac Attorney for Armin Harcevic
Constitutional Law Center for Muslims in America
833 – E. Arapaho Rd., Suite 102
Richardson, TX 75081
Phone (972) 914-2511
Fax (972)692-7454
cswift@clcma.org

# CERTIFICATE OF SERVICE

  The undersigned certifies that a true and correct copy of defendant Harcevic's Appeal of Magistrate Judge's Order Directing the Government's Motion for Review of Conditions of Release be Heard by the Magistrate Judge was electronically filed and served on the Court's electronic Filing system:

  DATED this 20th day of March, 2015.

                  */s/ Charles D. Swift*
                  Charles D. Swift
                  Pro Hac Attorney for Armin Harcevic
                  833 – E. Arapaho Rd., Ste. 102
                  Richardson, TX 75081
                  Tel: (972) 914-2507
                  Fax: (972) 692-7454
                  cswift@clcma.org