**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>RAMIZ ZIJAD HODZIC,<br> a/k/a Siki Ramiz Hodzic<br>SEDINA UNKIC HODZIC,<br>NIHAD ROSIC,<br> a/k/a Yahya Abu Ayesha Mudzahid,<br>MEDIHA MEDY SALKICEVIC, and<br> a/k/a Medy Ummuluna,<br> a/k/a Bosna Mexico,<br>ARMIN HARCEVIC,<br><br>        Defendants. | Case No. 4:15-CR-0049 CDP- DDN<br><br>**DEFENDANTS' JOINT OBJECTIONS TO MAGISTRATE JUDGE NOCE'S REPORT AND ORDER** |

_____

DEFENDANTS' JOINT OBJECTIONS

To preserve the issue for appeal, Defendants make the following minor objection to Magistrate Judge David Noce's excellent and well-reasoned Report and Order (R&O).

**I.    Because the combatant immunity defense is jurisdictional, this Court should resolve it pretrial.**

A federal district court does not have jurisdiction to try a lawful combatant for acts of legitimate warfare, or individuals supporting a lawful combatant. Instead, the court should resolve the combatant immunity issue pre-trial. Accordingly, Defendants object to the portion of the R&O holding that "defendants' motions to dismiss the indictment should be denied." Doc. 429 at 20. While it is ordinarily correct that, "[f]or purposes of defendants' motion[s] to dismiss [an] indictment, [a] [c]ourt is bound to consider only the allegations of criminal activity stated in

1

the indictment[] and . . . accept them as true," the combatant immunity defense is an exception, because it is a challenge to the court's jurisdiction.

A federal district court may not try a lawful combatant for legitimate acts of warfare. As one court explained, "technical 'crimes' committed by lawful combatants authorized to use force in the context of ongoing hostilities *may not be prosecuted* unless those offenses are unrelated to the conflict, or violate the law of war or international humanitarian law." *United States v. Khadr*, 717 F. Supp. 2d 1215, 1222 (C.M.C.R. 2007) (emphasis added); *see also United States v. Palmer*, 16 U.S. (3 Wheat.) 610, 635 (1818) ("It may be said, generally, that if the government remains neutral, and recognizes the existence of a civil war, its courts *cannot consider as criminal* those acts of hostility which war authorizes") (emphasis added); *United States v. Lindh*, 212 F. Supp. 2d 541, 553 (E.D. Va. 2002) ("Lawful combatant immunity, a doctrine rooted in the customary international law of war, *forbids prosecution* of soldiers for their lawful belligerent acts committed during the course of armed conflicts against legitimate military targets.") (emphasis added). The Supreme Court applied this same rule during the American Civil War. *See Dow v. Johnson*, 100 U.S. 158, 164 (1879) ("There would be something singularly absurd in permitting an officer or soldier of an invading army to be tried by his enemy, whose country it had invaded.").

Crucially, a court also may not try those who support a lawful combatant. *See United States v. Hamdan*, 801 F. Supp. 2d 1247, 1285-86 (U.S.C.M.C.R. 2011), *reversed in part on other ground by Hamdan v. United States*, 696 F.3d 1238, 1241 (D.C. Cir. 2012) ("Lawful enemy combatants and those lawfully aiding or *providing material support to lawful enemy combatants* receive various privileges under international law, including combatant immunity.") (emphasis added).

2

Because combatant immunity forbids prosecuting lawful combatants or those supporting them, courts have held evidentiary hearings to determine whether the defendants were lawful combatants whose belligerent acts were outside the courts' jurisdiction. *See Hamidullin*, 114 F. Supp. 3d at 370 (holding an evidentiary hearing at which the court considered evidence outside of the indictment); *Lindh*, 212 F. Supp. 2d at 545 n.1 (referring to a hearing the Court held). Defendants remain prepared to establish their entitlement to combatant immunity at an evidentiary hearing. After holding the hearing, the Court should determine whether Defendants are entitled to lawful combatant immunity, because, if they are, the Court does not have jurisdiction to try them.

## Conclusion

Defendants respectfully object to one of the R&O's conclusions. Specifically, Defendants object to the R&O's conclusion that the Court cannot resolve the combatant immunity issue pretrial. It is true that a court is usually bound by an indictment's allegations in considering a motion to dismiss. But a court does not have jurisdiction even to try individuals entitled to the combatant immunity defense, so the Court must resolve the issue pre-trial to prevent an improper prosecution.

Dated: May 30, 2018

                Respectfully submitted,

                */s/ Charles D. Swift*
                Charles D. Swift
                Pro Hac Attorney for Defendant Armin Harcevic
                TX State Bar No. 24091964
                Constitutional Law Center for Muslims in America
                833 E Arapaho Rd, Suite 102
                Richardson, TX  75081
                (972) 914-2507
                cswift@clcma.org

*/s/ Catherine McDonald*
Catherine McDonald
Pro Hac Attorney for Defendant Armin Harcevic
TX State Bar No. 24091782
Constitutional Law Center for Muslims in America
833 E Arapaho Rd, Suite 102
Richardson, TX  75081
(972) 914-2507
cmcdonald@clcma.org

*/s/ Diane Dragan*
Diane Dragan, Assistant Fed. Public Defender
Attorney for Defendant Ramiz Hodzic
1010 Market St., Suite 200
Saint Louis, Missouri 63101
Telephone: (314) 241-1255
Facsimile: (314) 421-3177
Diane_Dragan@fd.org

*/s/ Kevin Curran*
Kevin Curran, Assistant Fed. Public Defender
Attorney for Defendant Ramiz Hodzic
1010 Market St., Suite 200
Saint Louis, Missouri 63101
Telephone: (314) 241-1255
Facsimile: (314) 421-3177
Kevin_Curran@fd.org

*/s/ JoAnn Trog*
JoAnn Trog             42725MO
Attorney for Defendant Rosic
121 West Adams Ave.
Saint Louis, Missouri 63122-4022
Telephone:   314-821-1111
Facsimile:    314-821-9798
jtrogmwb@aol.com


*/s/ Kim C. Freter*
Kim C. Freter #47777MO
Attorney for Sedina Hodzic
225 S. Meramec, Ste. 1100
Clayton, MO 63105
Phone:  314-721-6565
Fax:     314-269-1042
kimfed@freterlaw.com

4

*/s/ Andrea E. Gambino*
Andrea E. Gambino
Law Offices of Andrea E. Gambino
Co-Counsel for Defendant Mediha Salkicevic
53 W. Jackson Blvd., Suite 1332
Chicago, Illinois  60604
(312) 322-0014 or (312) 952-3056
fax:  (312) 341-9696
agambinolaw@gmail.com

*/s/ J. Christian Goeke*
J. Christian Goeke #39462MO
Co-counsel for Defendant Mediha Salkicevic
7711 Bonhomme Avenue
Suite 850
Clayton, MO 63105
(314) 862-5110
(314) 862-5943- Facsimile
chris@jcgoekelaw.com

5

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of Defendants' Joint Objections to Magistrate Judge Noce's Report and Order was electronically filed and served on the Court's electronic filing system:

    DATED this 30th day of May, 2018.

                                   */s/ Charles D. Swift*
                                   Charles D. Swift
                                   Pro Hac Attorney for Armin Harcevic
                                   833 – E. Arapaho Rd., Ste. 102
                                   Richardson, TX  75081
                                   Tel: (972) 914-2507
                                   Fax: (972) 692-7454
                                   cswift@clcma.org